**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| GREGORY CUMMINGS<br><br>Plaintiff,<br>v.<br><br>RICHARD STALDER;<br>LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS;<br>WARDEN THOMPSON;<br>MAJOR ROGERS<br>JOHN DOES 1-15;<br><br>Defendants. | * * * * * * * * * * * * * * * | CIVIL ACTION<br>NO. ________<br><br>JURY TRIAL DEMANDED |

* * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

Plaintiff Gregory Cummings alleges as follows:

### Nature of the Action

1. This is a civil rights action under 42 U.S.C. § 1983 and Louisiana law arising out of incidents occurring at Jena Correctional Facility ("Jena"), to which plaintiff was evacuated following Hurricane Katrina. During this time, defendants deliberately and maliciously assaulted and battered plaintiff, without provocation or justification, causing serious physical, mental and emotional injuries.

**Parties**

2. Plaintiff Gregory Cummings is a former inmate of Jefferson Parish Correctional Center. He is a citizen of the United States and currently resides at 534 Brown Street, Jefferson, LA 70121.

3. Defendant Richard L. Stalder is the Secretary of the Louisiana Department of Public Safety and Corrections ("DPSC"), whose principal place of business is 504 Mayflower Street, Baton Rouge, LA 70802 (mailing address P.O. Box 94304, Baton Rouge, LA 70804-9304). Upon information and belief, Secretary Stalder is responsible for the functioning and control of all programs within DPSC, including the formulation of rules, regulations and policies regarding management, personnel and total operations. In his capacity as Secretary of DPSC, Secretary Stalder was responsible for the staffing, organization, and operations of Jena at all times relevant to this action. Upon information and belief, Warden Thompson reported to Secretary Stalder at all relevant times.

4. Louisiana Department of Public Safety and Corrections ("DPSC") is the governing agency for the Louisiana prison system, whose principal place of business is 504 Mayflower Street, Baton Rouge, LA 70802 (mailing address P.O. Box 94304, Baton Rouge, LA 70804-9304). DPSC is responsible for and establishes all prison policy, including any policies related to prison management during states of emergency and natural disasters. At all times herein, DPSC was acting under color of state law and was responsible for the management, supervision, control and maintenance of Jena and the officers employed there – including officers from New York's Department of Corrections working under its supervision and control.

5. Defendant Thompson is an individual who is believed to be a resident of Louisiana and who, at all times relevant to this action, was the acting Warden responsible for operating and maintaining Jena during the period following Hurricane Katrina. Defendant Thompson is sued both individually and in his official capacity.

6. Defendant Rogers is an individual who is believed to be a resident of Louisiana and who, at all times relevant to this action, was the agent, servant, and employee of Defendants DPSC and Warden Thompson at Jena.

7. Defendants John Does 1-15 are believed to be individuals who, at all times relevant to this action, were the agents, servants, and employees of Defendants DPSC and Warden Thompson at Jena. Defendants Does 1-15 are each sued both individually and in their official capacity.

**Jurisdiction and Venue**

8. This Court has jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

9. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391.

**Facts**

10. Upon information and belief, Secretary Stalder and DPSC were responsible for, *inter alia*, establishing and implementing policies related to the evacuation of prisoners to Jena, the appropriate staffing and operation of Jena to house evacuated prisoners, and ensuring that Jena was operated in a manner that did not violate inmates' constitutional rights. With reckless disregard for the safety and wellbeing of the inmates, they failed to fulfill these responsibilities.

11. Plaintiff was transferred to Jena during the evacuation of Jefferson Parish Correctional Center following Hurricane Katrina.

12. Within a few weeks of plaintiffs' arrival at Jena, defendant Thompson and John Does 1-15 deliberately and maliciously kicked, beat and otherwise inflicted serious bodily harm on plaintiff, without provocation or justification.

13. Defendants' actions were unreasonable, excessive, and were not intended to restore order or discipline to Jena but, instead, to instill fear and anxiety in the prisoners, including plaintiff, by creating a general atmosphere of random violence.

14. During all times relevant to this action, defendant Thompson was the Warden of Jena and had supervisory authority over defendant Rogers and John Does 1-15.

15. Upon information and belief, defendants Thompson and Rogers participated in, and were personally aware of the circumstances of, the frequent use of excessive and unjustified force against inmates.

16. Upon information and belief, defendant Thompson did nothing to prevent the corrections officers at Jena, including those visiting from the New York Department of Corrections, from using excessive and unjustified force against inmates.

17. While plaintiff was incarcerated at Jena, Secretary Stalder personally visited the facility and, upon information and belief, witnessed the consequences of the unlawful actions described herein but, in reckless disregard for the prisoners' safety and well-being, and with deliberate indifference to the constitutional violations that were ongoing, failed to take any action to prevent the use of excessive and unjustified force against inmates.

18. As a consequence of defendants' willful and unjustifiable use of excessive force, plaintiff suffered physical injuries, mental and emotional pain and suffering, and will continue to endure the same.

**COUNT I**
**42 U.S.C. § 1983 – Violation of Eighth and Fourteenth Amendment Rights Against All Defendants**

19. Each preceding and succeeding paragraph is incorporated by reference as if set forth fully herein.

20. Through the conduct described herein, defendants, acting under color of state law, unlawfully deprived plaintiff of his right to be free from the use of excessive and unjustified force, which is guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

21. Defendants intentionally and maliciously devised and/or created a situation which subjected plaintiff to an unnecessary and wanton infliction of pain, and subjected plaintiff to physical force which grossly exceeded that which was necessary under the circumstances, was repugnant to the conscience of mankind, and which violated the standards of contemporary society.

22. The force used against plaintiff was calculated neither to end a disturbance nor to restore discipline, but was instead inflicted maliciously and sadistically for the purpose of causing harm to plaintiff and was intended to cause harm.

23. By instigating, participating, and failing to intervene and protect plaintiff from the infliction of bodily harm described above, defendants, acting under color of state law, unlawfully

deprived plaintiff of his right to be free from the use of excessive force, which is guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution.

24. Defendants Stalder, Thompson and Rogers were grossly negligent, reckless, and deliberately indifferent in managing, training and supervising their subordinates, including but not limited to John Does 1-15.

25. The injuries caused by defendants' conscious and voluntary acts were serious and resulted in lasting damage. As a result of defendants' conduct, plaintiff suffered, and continues to suffer, physical damage, as well as emotional and mental pain and suffering.

26. Plaintiff is therefore entitled to relief under 42 U.S.C. § 1983.

**COUNT II**

**42 U.S.C. § 1983 Violation Of Eighth and Fourteenth Amendment Rights Against Defendants Stalder, DPSC and Thompson**

27. Each preceding and succeeding paragraph is incorporated by reference as if set forth fully herein.

28. Defendants, under color of state law, violated plaintiff's Eighth and Fourteenth Amendment rights in that, upon information and belief, the actions described herein were part of a *de facto* policy or custom of the Louisiana Department of Corrections.

29. Defendants, under color of state law, violated plaintiff's Eighth and Fourteenth Amendment rights to be free from excessive use of force in that, upon information and belief, DPSC failed to properly screen, hire, train, supervise, control, investigate and/or discipline its corrections officers in deliberate indifference to the rights of the residents of Jena.

30. Defendants, under color of state law, violated the Eighth and Fourteenth Amendment rights of plaintiff in that, upon information and belief, the force used against him by

defendants, as described herein, was part of and a result of a pattern of excessive use of force by prison officials which continued with deliberate indifference, acquiescence, tacit approval and/or encouragement of the Louisiana officials with final decision-making authority.

31. Upon information and belief, plaintiff was injured as a result of Louisiana's *de facto* custom and policy of allowing or encouraging wardens and guards to use excessive force against inmates at Jena, as well as by the defendants' failure to take affirmative measures to ensure that inmates constitutional rights were protected at Jena.

32. The force used against plaintiff was calculated neither to end a disturbance nor to restore discipline, but was instead inflicted maliciously and sadistically for the purpose of causing harm to plaintiff and was intended to cause harm.

33. The injuries caused by defendants' conscious and voluntary acts were serious and resulted in lasting damage. As a result of defendants' conduct, plaintiff suffered, and continues to suffer, physical damage, as well as emotional and mental pain and suffering.

34. Plaintiff is therefore entitled to relief under 42 U.S.C. § 1983.

**<u>COUNT III</u>**
**Assault and Battery**
**(Against Defendant Thompson)**

35. Each preceding and succeeding paragraph is incorporated by reference as if set forth fully herein.

36. As alleged herein, defendants deliberately created an environment of apprehension and fear of imminent harmful physical contact. Because of the unjustified bodily harm inflicted on plaintiff, and which plaintiff observed inflicted on others in equally unjustified ways, plaintiff had a reasonable apprehension of receiving additional batteries.

37. As alleged herein, defendant committed numerous batteries on plaintiff when, intending to hurt plaintiff, he deliberately inflicted bodily harm on him without provocation or justification. These intentional batteries committed by defendant were committed without plaintiffs' consent, were offensive, and caused him serious bodily harm.

38. Defendants are all officials or agents of the Louisiana State Department of Public Safety and Corrections, and all assaults and batteries committed by them were committed in that capacity.

39. As a consequence of the assaults and intentional batteries committed by defendants without plaintiffs' consent, plaintiff was physically harmed, and endured, and will continue to endure, physical, emotional and mental pain and suffering.

**COUNT V**
**Intentional Infliction of Emotional Distress**
**(Against Defendant Thompson)**

40. Each preceding and succeeding paragraph is incorporated by reference as if set forth fully herein.

41. Defendant's actions, as alleged herein, were undertaken not to restore order and discipline at Jena, but rather to create an environment of fear and apprehension at Jena. Defendant's actions toward plaintiff, inflicting bodily harm on him without provocation or justification, exceeded all bounds of decency and constitute behavior that is intolerable in a civilized society. In engaging in conduct that was so unjustified, excessive, and extreme that it shocks the conscience, defendant intentionally caused severe emotional distress to plaintiff.

**COUNT VI**
**Negligence**
**(Against All Defendants)**

42. Each preceding and succeeding paragraph is incorporated by reference as if set forth fully herein.

43. Defendants injured plaintiff, as described herein, with total disregard for his well-being, and their conduct constituted a gross deviation below the standard of care expected of a reasonable person in the same situation.

44. As a consequence of the injuries negligently inflicted by defendants, plaintiff has endured, and will continue to endure, physical, emotional and mental pain and suffering.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests that this Court:

1. Award plaintiff compensatory damages for each count alleged in this complaint;
2. Award plaintiff punitive damages for each count alleged in this complaint;
3. Award plaintiff reasonable attorney's fees and costs under 42 U.S.C. §1988; and
4. Award plaintiff such other and further relief as deemed just, including injunctive relief to insure the constitutional treatment of prisoners.

Respectfully submitted,

Joseph C. Peiffer, #26459
Lance C. McCardle, #29971
CORRERO FISHMAN HAYGOOD PHELPS
WALMSLEY & CASTEIX, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250

DECHERT LLP
Christine C. Levin
Brennan J. Torregrossa
Will W. Sachse
Lisa Levine Kempner
Adam S. Tolin
Cira Center
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Facsimile: (215) 994-2222

Dated: September 1, 2006

Attorneys for Plaintiff Cummings